1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAMAR JORDAN,

        Plaintiff,

    v.

O. NORRIS, et al.,

        Defendants.

Case No. 1:20-cv-00467-NONE-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIMS AGAINST DEFENDANTS NAPOLES AND ANUNCIACION FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT AND HIS CLAIMS AGAINST DEFENDANTS NAPOLES, NORRIS, ANUNCIACION, AND STATE OF CALIFORNIA FOR MEDICAL NEGLIGENCE, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED

(ECF NO. 1)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS

    Lamar Jordan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on March 26, 2020.  (ECF No. 1).

    The Court screened Plaintiff's complaint and found that following claims should proceed past the screening stage: Plaintiff's claims against defendants Napoles and

1

Anunciacion for deliberate indifference to serious medical needs in violation of the Eighth

Amendment and Plaintiff's claims against defendants Napoles, Norris, Anunciacion, and State

of California for medical negligence.  (ECF No. 9).  The Court also found that Plaintiff failed to

state any other claims.  (Id.).  The Court gave Plaintiff options as to how to move forward.  (Id.

at 9-10).  On June 25, 2020, Plaintiff filed his response to the Court's screening order, stating

that he wants to stand on his complaint.  (ECF No. 10).

Accordingly, the Court issues these findings and recommendations to the district judge

consistent with the screening order.  Plaintiff has fourteen days from the date of service of these

findings and recommendations to file his objections.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may

also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that the action or appeal fails to state a claim upon which relief may be granted."

28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.

(quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting

this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts

2

1  "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d
2  677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a
3  plaintiff's legal conclusions are not accepted as true.  <u>Iqbal</u>, 556 U.S. at 678.

4      Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal
5  pleadings drafted by lawyers."  <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (holding that
6  *pro se* complaints should continue to be liberally construed after <u>Iqbal</u>).

7  ## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

8      On March 13, 2018, dentist O. Norris at Kern Valley State Prison ("KVSP") removed a
9  wisdom tooth from the lower left portion of Plaintiff's jaw.  A couple of days later, Plaintiff
10  awoke in extreme pain, with the left side of his face extremely swollen.  He immediately went
11  to seek dental treatment.

12      On March 15, 2018, dentist Napoles at KVSP examined Plaintiff's mouth and said
13  everything looked ok and that the swelling would go down.

14      The pain and swelling remained, so Plaintiff returned to the dentist.  Napoles made no
15  attempt to discover why the pain and swelling remained.

16      On May 1, 2018, Plaintiff returned to the dentist at KVSP.  Plaintiff complained to Dr.
17  Napoles about the pain and swelling in his face.  Plaintiff further explained that he developed a
18  nasty bitter taste in his mouth.  Still, Napoles made no attempt to discover why the pain and
19  swelling remained.

20      On May 15, 2018, Plaintiff was transferred to Ironwood State Prison ("ISP").  Plaintiff
21  immediately complained to dental about the pain and swelling in his mouth and face.  The
22  dentist noticed the swelling.  She then explained to Plaintiff that his mouth was infected due to
23  the wound not being properly closed after the wisdom tooth removal.

24      On June 4, 2018, Plaintiff saw the oral surgeon at ISP, and the surgeon explained to
25  Plaintiff that the infection was serious because it was not properly treated at KVSP.  The
26  infection became an abscess, and was corroding Plaintiff's jawbone.  The surgeon then cut out
27  the infection.  The surgeon found bone fragments in the wound.  The abscess had to be scraped
28  off the jawbone, leaving the jawbone thin and disfigured.  The wound was closed with stiches.

On July 13, 2018, Plaintiff was denied dental treatment by another dentist at ISP. Plaintiff explained that on June 22, 2018, he had stiches removed from the operation, leaving the wound open.  Plaintiff explained that food was stuck in the open wound, causing pain and discomfort.  Plaintiff asked the dentist if she could clean out the food and irrigate the wound to prevent another infection.  She stated that she did not want to touch the open wound.  She refused to clean the wound and the food remained stuck, leaving Plaintiff in pain.  Because of the dentist's refusal, the oral surgeon ordered that the wound be cleaned and irrigated on a daily basis for 30 days.  Plaintiff believes that the dentist's name is E. Anunciacion.

Plaintiff brings a claim under the Eighth Amendment for deliberate indifference to his serious medical needs.  Plaintiff also brings a state law claim for medical malpractice and a state law claim under the Bane Act.  Plaintiff alleges that he presented his state law claims to the Government Claims Board pursuant to California's Government Claims Act.

## III.    ANALYSIS OF PLAINTIFF'S CLAIMS

### A.  Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent."  Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to

respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)

Plaintiff brings this claim against three dentists: O. Norris, Napoles, and E. Anunciacion.[1]

As to defendant Norris, Plaintiff has failed to state an Eighth Amendment claim.  As discussed below, Plaintiff has adequately alleged that defendant Norris acted negligently.  However, negligence is not enough to state an Eighth Amendment claim, and there is no indication that defendant Norris acted with deliberate indifference to Plaintiff's medical needs when removing Plaintiff's wisdom tooth.

As to defendant Napoles, Plaintiff alleges that he saw defendant Napoles on March 15, 2018, and complained of pain and swelling.  Defendant Napoles told Plaintiff that everything looked ok and that the swelling would go down.  Approximately a month and a half later, the

---

[1] Plaintiff also lists as defendants in this action "Doe defendants who would not clean and irrigate Plaintiff's wound at Ironwood State Prison," but Plaintiff does not make any factual allegations against these doe defendants.  Thus, Plaintiff has failed to state any claims against them.

pain and swelling remained, so Plaintiff again went to see defendant Napoles.  Plaintiff told him about the pain and swelling, and that he had developed a nasty bitter taste in his mouth. Defendant Napoles did not even attempt to discover what was wrong.  Eventually, the infection became an abscess, and surgery was required to remove it.  Based on the allegations in the complaint, the Court finds that Plaintiff has sufficiently alleged an Eighth Amendment claim against defendant Napoles.

As to defendant Anunciacion, Plaintiff alleges that she refused to clean his wound, even though Plaintiff told her that he had food stuck in the wound, and that it was causing him pain. After defendant Anunciacion's failure to clean the wound, the oral surgeon ordered that the wound be cleaned on a daily basis for thirty days.  Liberally construing the allegations in the complaint, the Court finds that Plaintiff has sufficiently alleged an Eighth Amendment claim against defendant Anunciacion.

### B.  Medical Negligence

To state a claim for medical negligence or malpractice under California law, Plaintiff must establish "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence."  Sampson v. Ukiah Valley Med. Ctr., No. 15-CV-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal. June 30, 2017) (quoting Machado v. Cal. Dep't of Corrs. and Rehab., 12-cv-6501-JSC, 2013 WL 5800380, at *5 (N.D. Cal. Oct. 28, 2013)).

Plaintiff brings this claim against three dentists: O. Norris, Napoles, and E. Anunciacion.  Plaintiff also alleges that defendant State of California is liable under California Government Code § 815.2.

As to defendant Norris, Plaintiff alleges that a dentist at ISP told Plaintiff that his mouth was infected due to his wound not being properly closed after his wisdom tooth was removed by defendant Norris.  This infection lasted for over two months, and led to surgery.  Liberally construing Plaintiff's complaint, the Court finds that Plaintiff has sufficiently pled a medical

1  negligence claim against defendant Norris.

2      As to defendant Napoles, Plaintiff alleges that he saw defendant Napoles on March 15,

3  2018, and complained of pain and swelling.  Defendant Napoles told Plaintiff that everything

4  looked ok and that the swelling would go down.  Approximately a month and a half later, the

5  pain and swelling remained, so Plaintiff again went to see defendant Napoles.  Plaintiff told

6  him about the pain and swelling, and that he had developed a nasty bitter taste in his mouth.

7  Defendant Napoles did not even attempt to discover what was wrong.  Eventually, the infection

8  became an abscess, and Plaintiff required surgery to remove it.  Based on the allegations in the

9  complaint, the Court finds that Plaintiff has sufficiently pled a medical negligence claim against

10 defendant Napoles.

11     As to defendant Anunciacion, Plaintiff alleges that she refused to clean his wound, even

12 though Plaintiff told her that he had food stuck in the wound, and that it was causing him pain.

13 After defendant Anunciacion's failure to clean the wound, the oral surgeon ordered that the

14 wound be cleaned on a daily basis for thirty days.  Liberally construing the complaint, the

15 Court finds that Plaintiff has sufficiently pled a medical negligence claim against defendant

16 Anunciacion.

17     As to defendant State of California, it appears that "[a] public entity is liable for injury

18 caused by acts or omissions of its employees in the course and scope of employment.  Public

19 employees are liable for injuries caused by their acts or omissions to the same extent as private

20 persons.  Thus, the general rule is that an employee of a public entity is liable for his torts to the

21 same extent as a private person [citation] and the public entity is vicariously liable for any

22 injury which its employee causes [citation] to the same extent as a private employer [citation]."

23 Gates v. Superior Court, 32 Cal. App. 4th 481, 528 (1995) (alterations in original) (citations

24 and internal quotation marks omitted).  See also Thomas v. City of Richmond, 9 Cal. 4th 1154,

25 1157 (1995) ("A public entity, as the employer, is generally liable for the torts of an employee

26 committed within the scope of employment if the employee is liable.").

27     As the Court has found that Plaintiff adequately pled medical negligence claims against

28 three dentists employed at a state prison, the Court will allow Plaintiff's claim against

7

defendant State of California to proceed.  The Court notes that defendant State of California is not precluded from arguing that it is not the correct defendant or that it is immune from suit under the Eleventh Amendment or state law.

### C.  Bane Act

California Civil Code § 52.1, commonly known as the Bane Act, provides a cause of action for "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with," Cal. Civ. Code § 52.1(b), "by threat, intimidation, or coercion," Cal. Civ. Code § 52.1(a).  "[Section] 52.1 does not require proof of coercion beyond that inherent in the underlying violation."  Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 802 (9th Cir. 2018).

Plaintiff's complaint is based on allegations that he did not receive adequate dental care. There is no indication that any defendant threatened, intimidated, or coerced Plaintiff. Accordingly, Plaintiff has failed to state a claim for violation of the Bane Act.

## IV.   CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint and finds that Plaintiff's claims against defendants Napoles and Anunciacion for deliberate indifference to serious medical needs in violation of the Eighth Amendment and Plaintiff's claims against defendants Napoles, Norris, Anunciacion, and State of California for medical negligence should proceed past the screening stage.  The Court also finds that Plaintiff's complaint fails to state any other claims.

As Plaintiff was given leave to amend but chose to stand on his complaint, the Court does not recommend granting further leave to amend.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This case proceed on Plaintiff's claims against defendants Napoles and Anunciacion for deliberate indifference to serious medical needs in violation of the Eighth Amendment and his claims against defendants Napoles, Norris, Anunciacion, and State of California for medical negligence; and

2.     All other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2020**                        /s/ Erica P. Grosjean

                                                    UNITED STATES MAGISTRATE JUDGE