UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JORDAN,<br><br>            Plaintiff,<br><br>    v.<br><br>O. NORRIS, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00467-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO DISMISS HIS STATE LAW CLAIMS BE GRANTED<br><br>(ECF No. 37)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Lamar Jordan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This case is proceeding "on Plaintiff's claims against defendants Napoles and Anunciacion for deliberate indifference to serious medical needs in violation of the Eighth Amendment and his claims against defendants Napoles, Norris, Anunciacion, and State of California for medical negligence." (ECF No. 12, p. 2).

On March 31, 2021, Plaintiff filed a notice to dismiss his state law claims (ECF No. 37), which the Court construes as a motion.

Plaintiff states that, after conferring with defense counsel, he recently discovered that he did not in fact file a claim with the Government Claims Board. Accordingly, Plaintiff asks the Court to dismiss his state law claims.

\\\

1

California's Government Claims Act[1] requires that a claim against the State[2] or its employees "relating to a cause of action for death or for injury to person" be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

As Plaintiff has stated that he did not comply with California's Government Claims Act, the Court will recommend that Plaintiff's motion be granted and that his state law claims be dismissed with prejudice for failure to state a claim. See, e.g., Richardson-Bass v. Fresno City Coll., 2021 WL 242801, at *6-7 (E.D. Cal. Jan. 25, 2021) (dismissing state law claims with prejudice for failure to comply with the Government Claims Act).

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion to dismiss his state law claims be granted;
2. Plaintiff's claims against defendants Napoles, Norris, Anunciacion, and State of California for medical negligence be dismissed with prejudice for failure to state a claim; and
3. The Clerk of Court be directed to reflect the dismissal of defendants Norris and State of California on the Court's docket.

These findings and recommendations are submitted to the United States district judge

---

[1] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 1, 2021**                              /s/ Erica P. Grosjean
                                                                     UNITED STATES MAGISTRATE JUDGE