1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   LAMAR JORDAN,                        Case No. 1:20-cv-00467-JLT-EPG (PC)

11              Plaintiff,                ORDER GRANTING IN PART
                                          DEFENDANTS' *EX PARTE* APPLICATION
12   v.                                   FOR EXTENSION OF TIME, OR TO
                                          VACATE SECOND SCHEDULING ORDER
13   E. ANUNCIACION, et al.,              AND SET A NEW STATUS CONFERENCE
                                          IN 90 DAYS
14              Defendants.
15                                        (ECF No. 76)

16           On February 8, 2022, Defendants filed an *ex parte* application for an extension of time, or

17   to vacate the second scheduling order and to set a new status conference in 90 days.  (ECF No.

18   76).  According to defense counsel, he was recently assigned to this case.  (Id. at 2).  He reviewed

19   the summary judgment order in this case, and he believes that mediation under the Court's VDRP

20   is appropriate.  (Id.).  Additionally, he has conflicts in his personal calendar for the trial on June

21   27.  (Id.).

22           Given that defense counsel has a conflict with the trial date, the Court will vacate the trial

23   date.  The parties can discuss the setting of a new trial date with the district judge, who will

24   preside over the trial, at the pretrial conference.

25           However, the Court will not vacate or extend any other dates or deadlines.  Defense

26   counsel requests the extension largely based upon his desire to participate in the Court's VDRP

27   program.  However, there was a settlement conference in this case on December 9, 2022, and the

28   case did not settle.  (ECF No. 73).  The motion provides no explanation as to why another

settlement conference would be productive or why he believes the parties' positions have changed since that time.  Therefore, the Court will deny the remainder of Defendants' motion.[1]

Accordingly, IT IS ORDERED that:

1.  Defendants' *ex parte* application for an extension of time, or to vacate the second scheduling order and to set a new status conference in 90 days, is GRANTED in part;

2.  The trial date is VACATED, to be reset by the District Judge at the pretrial conference;

3.  In all other respects, Defendants' motion is DENIED; and

4.  The remaining dates and deadlines in the second scheduling order (ECF No. 74) remain set, including the:

    a.  Rebuttal expert disclosures deadline, which is set for February 17, 2023;

    b.  Deadline to file motions for attendance of incarcerated witnesses, which is set for February 17, 2023;

    c.  The deadline to file pretrial statements, which is set for March 3, 2023;

    d.  The deadline to file oppositions to motions for attendance of incarcerated witnesses, which is set for March 24, 2023; and

    e.  The pretrial conference, which is set for April 17, 2023, at 1:30 p.m., before District Judge Jennifer L. Thurston.

IT IS SO ORDERED.

Dated:   **February 9, 2023**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

_____

[1] Nothing in this order precludes the parties from continuing to negotiate a settlement without a court settlement conference.