1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAMAR JORDAN,

           Plaintiff,

    v.

E. ANUNCIACION, et al.,

           Defendants.

Case No. 1:20-cv-00467-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE

(ECF No. 77)

18    Lamar Jordan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in

19 this civil rights action.

20    On February 9, 2023, Plaintiff filed a motion for appointment of pro bono counsel.  (ECF

21 No. 77).  Plaintiff asks for appointment of counsel because his case has merit; because this case is

22 at the "pretrial" stage; because Plaintiff cannot afford counsel and has been unsuccessful in

23 obtaining pro bono counsel; because Plaintiff does not have the expertise or "know-how" to

24 adequately prepare the case; because the issues involved in this case are complex; because a

25 lawyer could help Plaintiff contact and produce witnesses, including inmate witnesses and the

26 two specialists that treated Plaintiff and ultimately helped to resolve his pain and suffering;

27 because Plaintiff has been unable to access the law library; and because trial in this case will

28 involve conflicting testimony.

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds</u>, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his request for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 10, 2023**          /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE