UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JORDAN,<br><br>        Plaintiff,<br><br>    v.<br><br>E. ANUNCIACION, et al.,<br><br>        Defendant(s). | Case No. 1:20-cv-00467-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 102) |

      Lamar Jordan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. On February 10, 2023, this Court denied, without prejudice, Plaintiff's motion for appointment of pro bono counsel. (ECF No. 80). Plaintiff then filed another motion on May 3, 2023, asking the Court to reconsider appointing counsel, arguing that counsel could help with settlement and other proceedings and that Plaintiff cannot adequately articulate his claims. (ECF No. 85). For the same reasons as stated in its February 2023 order, the Court again concluded on July 11, 2023, that this case did not warrant the appointment of pro bono counsel for the entirety of the case. (ECF Nos. 91, 80). The Court did appoint an attorney for the limited purpose of assisting Plaintiff in a settlement conference (ECF No. 91); the conference was held on December 4, 2023, and that counsel's appointment has now been terminated (ECF No. 100).

      Before the Court is another Plaintiff's motion for appointment of counsel. (ECF No. 102). Plaintiff argues that he does not have the expertise to adequately prepare this case for trial, and

1

that a lawyer "would help Plaintiff to apply the law in briefs, with the ability to contact and produce Plaintiff's witnesses who have previously provided the signed declarations under the penalty of perjury, but are housed at different prisons throughout California, some may've paroled as well . . ." (*Id.* at 2). Plaintiff also argues that this case involves complex issues and requires "expert testimony, cross-examination, and medical terminology." (*Id.*)

For the same reasons stated in the Court's previous orders (ECF Nos. 91, 80), the Court again concludes that this case does not warrant the appointment of pro bono counsel. As in its February 2023 order (ECF No. 80), the Court again informs Plaintiff that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court has reviewed the record in this case. The Court remains unable to determine whether Plaintiff is likely to succeed on the merits of his claims. As before, upon review of Plaintiff's filings, the Court again finds that Plaintiff appears to have a sufficient grasp of his claims and the legal issues involved and that he can articulate those claims adequately. (*See, e.g.*, ECF No. 90, Plaintiff's 22-page pretrial statement, detailing both factual and legal issues in this case). The legal issues involved in this action are not particularly complex. As to Plaintiff's argument that an attorney would help him secure attendance of witnesses at his trial, the Court has provided Plaintiff with detailed procedures for obtaining attendance of both incarcerated and unincarcerated witnesses at trial in its Third Scheduling Order (ECF No. 101) and the deadline for filing a motion for attendance of incarcerated witness has now passed (*id.* at 3, setting deadline as

January 26, 2024). And as to Plaintiff's argument that an attorney "would assist Plaintiff's in the presentation of evidence and the cross-examination of opposing witnesses" (ECF No. 102 at 2), as the Ninth Circuit noted in *Rand*, "any pro se litigant certainly would be better served with the assistance of counsel," 113 F.3d at 1525. But this is not the test. *Id.* Plaintiff has not shown that because of the complexity of his claims, he is unable to articulate his positions. Accordingly, this case does not present exceptional circumstances in which the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 102) is DENIED.

IT IS SO ORDERED.

Dated:  **February 1, 2024**              /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE

3