# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JORDAN, | Case No.: 1:20-cv-0467 JLT EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING APPOINTMENT OF COUNSEL |
| v. | |
| O. NORRIS, et al., | (Doc. 105) |
| Defendants. | |

Lamar Jordan is a state prisoner proceeding *pro se* in this civil rights action, in which he seeks to hold Drs. Napoles and Anunciacion liable for deliberate indifference to Plaintiff's serious medical needs. The matter is set for trial on May 21, 2014. (Doc. 111.) Plaintiff moved for appointment of counsel in this action, and the magistrate judge denied the motion on February 1, 2024. (Doc. 103.). Plaintiff now seeks reconsideration of the order denying appointment of counsel. (Doc. 105.) Defendants oppose the motion. (Doc. 110.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; ... or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir.1991). The Ninth Circuit

1

explained: "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff now asserts that appointment of "counsel is warranted because his previous medical condition of Seizure Disorder has left him with a speech impediment that interferes with the proper articulation of speech." (Doc. 105 at 2.) Plaintiff contends the "condition makes it difficult to speak normally thus making it difficult to adequately articulate his claims to a jury." (*Id.*) In addition, Plaintiff contends he suffers from "TMJ Syndrome that is a result from [his] surgery," which relates to this action. (*Id.*) He asserts that he is "dealing with chronic pain, and he has a constant Ear Ache." (*Id.*) Finally, Plaintiff reports that he "has minimal knowledge of the law" and had received assistance from another inmate, who is no longer able to assist him. (*Id.*; *see also id.* at 3.)

Although Plaintiff asserts he received the assistance from another inmate, it is unclear the extent to which he received assistance in this matter. Notably, "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." *Julian v. Valley State Prison*, 2023 WL 2918318, at *2 (E.D. Cal. Apr. 12, 2023).

Furthermore, Plaintiff did not exhibit difficulty with oral communications during the pretrial conference on March 18, 2024. The Court was able to understand Plaintiff's responses to questions without any difficulty. Though the Court is sympathetic to Plaintiff's reports of pain, his pain alone does not support the appointment of counsel. A plaintiff who exhibits an ability to communicate is typically not entitled to appointment of counsel, regardless of health problems. *See, e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding an inmate with post-surgery pain was not entitled to appointment of counsel due to good organization and clear presentation of case at trial); *Warren v. Harrison*, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding an inmate alleging mental illness did not qualify for appointment of counsel due to competent presentation of claims); *Julian*, 2023 WL

2918318, at *2 (finding exceptional circumstances did not support appointment of counsel where the plaintiff reported "his current medical conditions cause[] him pain").

Plaintiff fails to identify new evidence of exceptional circumstances warranting appointment, clear error by the Court, or an intervening change in the law warranting reconsideration of the Court's order. Accordingly, Plaintiff's motion for reconsideration (Doc. 105) is **DENIED**.

IT IS SO ORDERED.

Dated: **March 28, 2024**

UNITED STATES DISTRICT JUDGE